## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

———————————————————————— )
**GARY D. BULPITT and**                                   )
**CAROLYN L. BULPITT,**                                   )
                                                          )         **Case No. 1:16-cv-00399-JD**
                     **Plaintiffs,**                      )
                                                          )
**v.**                                                    )
                                                          )
**CARRINGTON MORTGAGE**                                   )
**SERVICES, LLC and DEUTSCHE BANK**                       )
**NATIONAL TRUST COMPANY, AS**                            )
**TRUSTEE FOR THE NEW CENTURY**                           )
**HOME EQUITY TRUST 2005-3,**                             )
                                                          )
                     **Defendants.**                      )
———————————————————————— )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(a)

Defendants, Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company, as Trustee For The New Century Home Equity Trust 2005-3 (collectively, the "Defendants"), by and through their attorneys, submit this Memorandum of Law, and the Affidavit of Elizabeth A. Ostermann, dated April 21, 2017 (the "Ostermann Aff."), in support of their motion pursuant to Fed. R. Civ. P. 56 to dismiss the claims asserted against them by Plaintiffs, Gary D. Bulpitt and Carolyn L. Bulpitt.

## PRELIMINARY STATEMENT

Plaintiffs, Gary D. Bulpitt and Carolyn L. Bulpitt (together, "Plaintiffs") seek an order declaring the foreclosure conducted at the property located at 25 Hall Farm Road, Atkinson, New Hampshire 03811 (the "Property") void, enjoining defendants, Carrington Mortgage Services, LLC ("Carrington") and Deutsche Bank National Trust Company, as Trustee for the

New Century Home Equity Loan Trust 2005-3 ("Deutsche Bank") (together, "Defendants") from recording the foreclosure deed on the Property, quieting title in the Property to them subject to all encumbrances of record, and awarding damages for Defendants' purported wrongful acts in conducting the foreclosure sale. Despite Plaintiffs' demands for relief, however, they have failed to allege a single viable cause of action or to otherwise allege the elements necessary to maintain a cause of action against Defendants who properly notified Plaintiffs of the subject foreclosure sale and correctly rejected Plaintiffs' application for a loan modification as untimely. Accordingly, the Court should grant Defendants' motion for summary judgment in its entirety.

This matter was initially filed in state superior court on July 26, 2016 and removed to this Court on August 31, 2016. This Court has original jurisdiction over this action on the basis of 28 U.S.C. § 1331, in that it arises under federal law as the Complaint asserts claims based on the federal Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act and its implementing regulation, Regulation X (12 C.F.R. Part 1024).

## FACTUAL BACKGROUND

On or about April 29, 2005, Gary D. Bulpitt ("Borrower") made, executed, and delivered an original Note (the "Note") in favor of New Century Mortgage Corporation ("New Century") in the original principal amount of One Hundred Ninety Six Thousand Eight Hundred Seventy Five and 00/100 Dollars ($196,875.00). (Ostermann Aff., ¶ 6, Ex. 2.) The original Note contains an indorsement in blank, without recourse. (*Id.*) As security for the Note, Plaintiffs made, executed, and delivered a certain Mortgage (the "Mortgage") to New Century, its successors and assigns, as mortgagee on real property located at 25 Hall Farm Road, Atkinson, New Hampshire 03811 (the "Property"). (Ostermann Aff., ¶ 7, Ex. 3.) The Mortgage was duly recorded in the Rockingham County Registry of Deeds, State of New Hampshire at Book 4479, Page 0082. (*Id.*) The Mortgage was subsequently transferred to Deutsche Bank. The transfer of

2

the Mortgage to Deutsche Bank is reflected in a March 16, 2011 Assignment of Mortgage (the "Assignment").  (Ostermann Aff., ¶ 8, Ex. 4.)

Plaintiffs failed to comply with the terms of this loan by failing to pay the monthly installment due for July 1, 2011, and all monthly payments thereafter.  (Ostermann Aff., ¶ 9.)  As a result of this continued default, there was due and owing to Deutsche Bank the principal sum of $185,406.34, together with interest thereon from July 1, 2011, and other recoverable amounts.  (Ostermann Aff., ¶ 10.)  Accordingly, on November 5, 2015, Defendants served Plaintiffs with the requisite Notice of Sale of Real Property, pursuant to New Hampshire Revised Statutes Section 479.25 (the "Notice of Sale").  (Ostermann Aff., ¶ 11, Ex. 5.)  The Notice of Sale advised Plaintiffs of the Terms of Sale and notified them that they had the right to petition the Superior Court to enjoin the scheduled foreclosure sale.  (*Id.*)  The Notice of Sale was served on Defendants at the Property via regular mail and certified mail, return receipt requested.  (*Id.*)

Thereafter, on or about November 24, 2015, Borrower submitted a Request for Mortgage Assistance ("RMA") to Defendants.  (Ostermann Aff., ¶ 13.)  The RMA was promptly rejected by Defendants on November 25, 2015, as it was submitted within seven (7) business days of the scheduled foreclosure sale on December 3, 2015.  (Ostermann Aff., ¶ 13, Ex. 6.)  Plaintiffs acknowledge that they received notice of the foreclosure "over thirty (30) days" before it occurred, yet they did not file a petition to enjoin the foreclosure sale before it occurred. (Compl. ¶ 9.)

As per the Notice and the newspaper advertisements on November 12, 2015, November 9, 2015, and November 26, 2015, a foreclosure auction was held on December 3, 2015.  (Ostermann Aff., ¶ ¶ 12, 14, Exs. 6, 7.)  At the foreclosure sale, Deutsche Bank purchased the

Property for Two Hundred Fifteen Thousand Three Hundred Sixty and 00/100 Dollars ($215,360.00).  (Ostermann Aff., ¶ 16, Ex. 7.)

Despite advertising the sale of the Property in the local paper, the *New Hampshire Union Leader*, three (3) times over the course of a month, Plaintiffs allege that the foreclosure sale was carried out without sufficient advertising, in violation of federal Fair Debt Collection Practices Act, the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act, the relevant procedural protections issued by Regulation X and Regulation B of the Federal Reserve's Consumer Financial Protection Bureau, and further allege that the Property was sold for an unreasonable foreclosure sale price of only 30% of the Property's fair market value. (Compl. ¶¶ 3, 9.)  More specifically, Plaintiffs contend that at the time of the foreclosure sale, they had equity in the Property of approximately $157,800.00.  (Compl. ¶ 17(c).)

## LEGAL ARGUMENT

Plaintiffs' Complaint is entirely without merit.  It fails to allege any of the causes of action it purports to bring.

The Complaint seeks to un-do the foreclosure sale on the basis that Defendants allegedly conducted the foreclosure without providing Plaintiffs the loan modification that they were entitled to and/or sold the Property for less that the fair market value and without the requisite notice.  The Complaint also seeks damages for Defendants' decision to go forward with the foreclosure sale, purportedly in violation of New Hampshire Revised Statute ("RSA") § 358-C, and for purported deficiencies in conducting the foreclosure sale.  As set forth in further detail below, Plaintiffs' Complaint should be dismissed in its entirety because they fail to state a plausible claim for relief with respect to any of the causes of action he alleges.

1829148.9

## I.      Legal Standard Under Fed. R. Civ. P. 56(a).

Summary judgment shall be granted where, as here, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is 'genuine' if it could reasonably be resolved in either party's favor at trial.  A fact is 'material' if it could sway the outcome under applicable law." *Attorneys Liab. Prot. Soc'y, Inc. v. Whittington Law Assocs., PLLC*, 961 F. Supp. 2d 367, 369 (D.N.H. 2013) (citing *Estrada v. Rhode Island*, 594 F.3d 56, 62 (1st Cir. 2010), in turn citing *Meuser v. Fed. Express Corp.*, 564 F.3d 507, 515 (1st Cir. 2009) and *Vineberg v. Bissonnette*, 548 F.3d 50, 56 (1st Cir. 2008)).  The facts are viewed in a light most favorable to the nonmoving party, who "still must demonstrate, 'through submissions of evidentiary quality, that a trial worthy issue persists.'  Moreover, '[o]n issues where the nonmovant bears the ultimate burden of proof, [the nonmovant] must present definite, competent evidence to rebut the motion.'" *Vineberg*, 548 F.3d at 56 (citations omitted).  That is to say, Plaintiffs cannot satisfy their burden on summary judgment based on "conclusory allegations, improbable inferences, and unsupported speculation." *Id*. (citation omitted).

## II.     Plaintiffs are Statutorily Barred from Challenging the Validity of the Foreclosure.

The foreclosure sale is final and may not be undone in equity.  "New Hampshire law unequivocally requires that claims challenging the validity of a foreclosure sale be initiated and served on the defendant before the foreclosure sale occurs." *Chesley v. PNC Bank, N.A.*, No. 15-CV-091-LM, 2015 WL 3946895, at *2 (D.N.H. June 29, 2015) (citing RSA § 479:25 II); s*ee also Neenan v. CitiMortgage, Inc.*, No. 13-CV-435-JD, 2013 WL 6195579, at *2 (D.N.H. Nov. 26, 2013) ("Any action or right of action of a mortgagor to challenge the validity of a

1829148.9

foreclosure is barred unless the mortgagor instituted a petition to enjoin the foreclosure sale before it occurred.").

Specifically, RSA § 479:25(II) provides that, prior to a foreclosure sale, a mortgagee must serve a mortgagor with notice that, mortgagor's "[f]ailure to institute [a] petition [to enjoin the foreclosure] and complete service upon the foreclosing party, or his agent, conducting the sale prior to sale shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure." *Id.* "Under this section, a mortgagor, 'to preserve a challenge to the validity of the foreclosure sale,' must file an action to enjoin the foreclosure prior to the sale." *Calef v. Citibank, N.A.*, No. 11-CV-526-JL, 2013 WL 653951, at *3 (D.N.H. Feb. 21, 2013) (Laplante, C.J.) (quoting *Gordonville Corp. N.V. v. LR1--A Ltd. P'ship*, 151 N.H. 371, 377 (2004)). In other words, RSA § 479:25(II) "bars any action based on facts which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the [foreclosure] sale." *Murphy v. Fin. Dev. Corp.*, 126 N.H. 536, 540 (1985); *see also Blackburn v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 4428712 slip op. at 5 (N.H. Super. Ct. Mar. 9, 2011) (RSA § 479:25(II) serves to bar "all claims about events occurring before the foreclosure sale, except for the claim of insufficient notice . . . that was not raised in a petition filed with the superior court before the foreclosure sale occurred."). As explained by Judge Delker in *Sullivan v. J.P. Morgan Chase & Co.*, 2014 WL 10383686 (N.H. Super. Ct Sept. 23, 2014), RSA § 479:25(II) "prevents a mortgagor from filing suit after a foreclosure sale to attack its validity if he knew or should have known [of an infirmity] soon enough to reasonably permit the filing of a petition prior to the sale" but preserves a mortgagor's right to challenge the sale based upon facts that "the mortgagor could not have known before the sale about a particular defect in the foreclosure process." *Id.* at *8. Plaintiffs failed to file a complaint to enjoin the foreclosure

before the sale, despite admittedly having full knowledge, more than thirty (30) days prior, of the pending sale, and are therefore barred from raising claims seeking to void the sale.

### III.   Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty.

Count I of Plaintiffs' Complaint should be dismissed because the Complaint fails to state a claim against Plaintiffs for breach of their fiduciary duty of good faith and due diligence.  As recognized in *Murphy v. Financial Development Corp.*, 126 N.H. 536, 541 (1985), a mortgagee, in its capacity as the seller in a foreclosure sale, owes the mortgagor a duty of good faith and due diligence.  This duty requires the mortgagee to take all reasonable and necessary steps under the circumstances to insure that a fair and reasonable price is obtained.  *Bascom Const., Inc. v. City Bank and Trust*, 137 NH 472, 475 (1993).  The duties of good faith and due diligence are, however, separate and distinct obligations.  *See Murphy,* 126 N.H. at 541; *Wheeler,* 82 N.H. 211, 213 (1926) ("[t]he duties of good faith and due diligence are distinct. . . .  One may be observed and not the other, and any inquiry as to their breach calls for a separate consideration of each.").

Here, Plaintiffs' unsubstantiated assertions that Defendants did not provide adequate notice of the foreclosure sale and did not otherwise take the necessary steps to secure the highest possible price for the property at the foreclosure sale (Compl. ¶ 9) are insufficient to support a claim for breach of fiduciary duty.

### A.   Defendants Did Not Act In Bad Faith

In order "to constitute bad faith there must be an intentional disregard of duty or a purpose to injure."  *Wheeler v. Slocinski,* 82 N.H. 211, 214 (1926).  Plaintiffs' Count I fails to state a claim that Plaintiffs' breached their duty of good faith or otherwise acted with intentional disregard and an intent to injure.

A mortgagee's fiduciary duty at a foreclosure sale "requires the mortgagee to take all reasonable and necessary steps under the circumstances to insure that a fair and reasonable price

1829148.9

is obtained." *Bascom Const., Inc. v. City Bank and Trust*, 137 NH 472, 475 (1993).  A low price, in and of itself, will not be sufficient to demonstrate the requisite bad faith needed to invalidate an otherwise legitimate sale, unless that price is "so low as to shock the judicial conscience."  *Id*.

Plaintiffs' bare bone allegations that Plaintiff "conducted a foreclosure sale . . . with little over thirty (30) days . . . Notice of Foreclosure . . . with little or no advertising and at a foreclosure price of approximately 30% of fair market value (substantially below the 70% liquidation value" (Compl. ¶ 9) provide absolutely no foundation to support a reasonable inference that Defendants intentionally breached its duty to properly advertise the sale in an effort to keep potential bidders away or otherwise sold the property for an amount that would "shock the judicial conscience."  *See People's United Bank v. Mountain Home Developers of Sunapee, LLC*, 858 F. Supp. 2d 162, 169-170 (D.N.H. 2012).   In *People's United Bank*, the District Court dismissed a claim that the bank breached its fiduciary duty of good faith where plaintiff failed to provide a foundation for its claim that the mortgagee "intentionally breached its duty to properly advertise the sale" or "benefitted in any way from the purportedly low price it received for the property."  *Id.*  The Court further noted that allegations of the property being auctioned off at below value without alleging the proper value were conclusory and provided "no factual frame of reference from which it would even be possible to determine whether the [amount] realized from the auction was either too little or, more importantly, too little to shock the judicial conscience."  *Id.*; *see also Murphy*, 126 N.H. at 541-42 (concluding allegations that mortgagee provided minimal public notice of the foreclosure sale, purchased the property themselves at a sale with no other bidders present, bought the property for an amount equal to the amount owed by the mortgagors, failed to realize mortgagors' equity in the property, and sold the property for $9,000 more than it purchased the property for two days before did not state a

8

claim for bad faith); *Riggieri v Caliber Home Loans, Inc.*, 16-CV-20-LM, 2016 WL 4133513 at *8 (D.N.H. Aug. 3, 2016) (plaintiff failed "to provide factual allegations to support any claim that the sales price was too low.  [Plaintiff's] complaint, therefore, is insufficient to allege bad faith.").

Applying the same principles as *People's United Bank* and *Murphy*, it is evident that Defendants did not violate its duty of good faith.  Defendants have established that they advertised the sale of the Property in a regional newspaper three (3) times over the course of a month and, as a result, multiple bidders registered and appeared at the foreclosure sale.  As a result of Defendants' efforts, the Property sold for $215,360.00.  (Ostermann Aff., ¶¶ 12, 14, 16, Exs. 6, 7.)  Plaintiffs have submitted no evidence that the Property was sold for 30% of its value, having failed to allege an alternative value of the Property.  Thus, there is no factual frame of reference from which it would even be possible to determine whether the $215,360.00 realized from the auction was either too little or, more importantly, so little as to "shock the judicial conscience."  *See  People's United Bank v Mtn. Home Developers of Sunapee, LLC*, 858 F. Supp. 2d 162, 170 *citing United Auto. Workers,* 633 F.3d at 41 (requiring a complaint to offer more than labels or conclusions).  A such, any claim that Defendants breached their fiduciary duty of good faith fails as a matter of law.

B.      Defendants Exercised Due Diligence

To establish that a bank breached its duty of due diligence with respect to a foreclosure sale, a plaintiff must show that a "reasonable lender would have adjourned the sale or taken other measures to obtain a fair price."  *See Murphy v. Financial Development Corp.*, 126 N.H. 536, 542 (1985) *citing Wheeler v. Slocinski*, 82 N.H. 211, 215 (1926).  "What constitutes a 'fair' price is not measured by a property's fair market value, but by the price the lender would have

9

obtained had it undertaken the additional efforts required of it under the circumstances." *Ferguson v Natl. City Mortg.*, 2011-0100, 2012 WL 6869638, at \*1 (Feb. 27, 2012) *citing Murphy,* 126 N.H. at 544.

Here, Plaintiffs have again failed to establish their claim that Defendants breached their fiduciary duty of due diligence in advertising and conducting the foreclosure sale.  Plaintiffs concede that Defendants met the 30-day notice requirements of the statute.  (Compl. ¶¶ 9, 17(a).) Moreover, as discussed *supra,* Plaintiffs' claims that there was "little to no advertising" of the sale and that the foreclosure price was "30% of fair market value"  (Compl. ¶¶ 3, 9) are specifically contradicted by the evidence submitted by Defendants establishing that they advertised the sale of the Property in a regional newspaper three (3) times over the course of a month and, as a result, multiple bidders registered and appeared at the foreclosure sale.  As a result of Defendants' efforts, the Property sold for $215,360.00.  (Ostermann Aff., ¶¶ 12, 14, 16, Exs. 6, 7.)  There is no evidence that postponing the sale would have resulted in more bidders or a higher sale price for the property.  Plaintiffs' failure to plead any evidence in support of their claims deprives the court of any reference point from which to determine whether the Plaintiffs have stated a plausible claim for relief, especially considering the evidence submitted by Defendants.  Accordingly, Plaintiffs' First Cause of Action should be dismissed.

**IV.   Plaintiff Fails to State a Claim that Defendants' Violated the NH Unfair, Deceptive or Unreasonable Collection Practices Act and the Federal Fair Debt Collection Practices Act.**

In Count II of the Complaint, Plaintiffs seek actual damages, court costs and attorney's fees, and to "void" the foreclosure sale for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and its state-law analog, the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act ("UDUCPA"), RSA

§ 358-C.[1]  These claims should be dismissed as a matter of law for failure to adequately plead a breach of either Act and because Defendants did not violate or otherwise act in a prohibited manner, as described by the FDCPA or the UDUCPA.  Moreover, neither a violation of the FDCPA or UDUCPA allows a party to void a foreclosure sale.

To recover under either the FDCPA or the UDUCPA, the Plaintiffs must show that: "(1) they have been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the [Act]." *Moore v. Mtge. Elec. Registration Sys., Inc.*, 848 F. Supp. 2d 107, 124 (D.N.H. 2012) *citing Beadle v. Haughey*, 2005 D.N.H. 016 at 7, 2005 WL 300060 (D.N.H. Feb. 9, 2005).  This, Plaintiffs cannot do.

A.    Defendants Did Not Violate The FDCPA

Plaintiffs generally allege violations of the FDCPA but fail to identify the specific provision of the FDCPA that Defendants allegedly violated.  Moreover, Plaintiffs fail to establish that either Carrington or Deutsche Bank is a "debt collector," as defined by the FDCPA. Irrespective of Plaintiffs' insufficient pleading, however, the FDCPA does not apply to this action.

i.    *Deutsche Bank is not a debt collector*

"The FDCPA prohibits a debt collector from engaging in harassing conduct, using unfair debt collection methods, and making false or misleading representations in connection with debt collection . . . ."  *Crepeau v. JP Morgan Chase Bank, N.A.*, 11-CV-125-JL, 2011 WL 6937508, at *4 (D.N.H. Dec. 5, 2011).  To state a claim for violation of the FDCPA, a plaintiff must

---

[1] Plaintiffs allege violations of the "NH Fair Debt Collection Practices Act," however, as they cite to RSA § 358-C:1, *et seq*., they are actually referring to the UDUCPA.

allege, among other things, that "the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act." *Fortin v. Ocwen Loan Servicing, LLC*, 2015 WL 5693115, at *4 (D.N.H. Sept. 28, 2015) quoting *Moore v. Mort. Elec. Reg. Sys., Inc.*, 848 F. Supp. 2d 107, 124 (D.N.H. 2012).

For the purposes of the FDCPA, a "debt collector" is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." *Sheriff v. Gillie*, 136 S. Ct. 1594, 1598 (2016) quoting 15 U.S.C. § 1692a(6).  A "debt collector" is not, however, a person attempting to collect such debts if the "debt was not in default" at the time it was obtained by such person.  15 U.S.C. § 1692a(6)(F)(iii); *see also Beadle v. Haughey*, CIV.04-272-SM, 2005 WL 300060, at *1 (D.N.H. Feb. 9, 2005) ("Mortgagees are not 'debt collectors' within the meaning of the FDCPA."); *Crepeau v. JP Morgan Chase Bank, N.A.*, 11-CV-125-JL, 2011 WL 6937508, at *5 (D.N.H. Dec. 5, 2011) (concluding that the "term 'debt collector' does not include consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"); *Faiella v. Green Tree Servicing LLC*, 16-CV-088-JD, 2017 WL 589096, at *5 (D.N.H. Feb. 14, 2017) ("The definition of debt collector generally excludes creditors and mortgage assignees who acquire the loan before it enters default.")

Here, Deutsche Bank acquired the Loan in March 2011, prior to Plaintiffs' default on July 1, 2011.  *See* Ostermann Aff., ¶¶ 8,9, Exs. 2-4.  As, Deutsche Bank was the owner, holder, and assignee of the instant Loan prior to Plaintiffs' default, it is not a debt collector within the meaning of the FDCPA, and any FDCPA claim fails as alleged against it.

ii.   *Foreclosing on a mortgage is not debt collection activity*

The FDCPA prohibits a broad range of conduct by debt collectors.  More specifically, pursuant to the FDCPA, "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e and f.

Barring an action commenced without the right of possession or without the intent to take possession of the property, "foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA.  'Security enforcement activities fall outside the scope of the FDCPA because they aren't debt collection practices.'"  *Beadle v Haughey*, CIV.04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005) citing *Rosado v. Taylor,* 324 F. Supp. 2d 917, 924 (N.D. Ind. 2004) (citing 15 U.S.C. § 1692a(6)); *Harry v. Countrywide Home Loans Inc.*, CV 16-10765-NMG, 2016 WL 7013451, at *4 (D. Mass. Nov. 30, 2016) (dismissing FDCPA claim related to a foreclosure because the FDCPA "covers debt collection, not the enforcement of a security interest such as a mortgage."); *Speleos v BAC Home Loans Servicing*, L.P., 824 F. Supp. 2d 226, 232 (D. Mass. 2011) ("The statute itself, however, distinguishes debt collection from security interest enforcement in its definition of a 'debt collector.'").  Here, Plaintiffs vaguely assert that Defendants are debt collectors "subject to" the FDCPA "as a consequence of the Foreclosure." Compl. ¶ 12.  Contrary to Plaintiffs' claims however, Defendants simply proceeded with a non-judicial foreclosure action and took no action to obtain a deficiency judgment against Plaintiffs or otherwise collect a debt and as such, the FDCPA does not apply to the foreclosure sale.  *See Beadle, supra,* 2005 WL 300066 at *3 (where defendants conducted a non-judicial foreclosure and did not seek a deficiency judgment against the borrower personally, defendants did not engage in debt collection activity.).

1829148.9

B.      Defendants Did Not Violate The UDUCPA.

The UDUCPA generally prohibits a debt collector from collecting or attempting to collect a debt in an "unfair, deceptive or unreasonable manner as defined in this subchapter." RSA § 358-C:2.  The UDUCPA then goes on to define the specific acts that are deemed "unfair, deceptive, or unreasonable" and which are thus prohibited.  *See* RSA § 358-C:3.

As discussed *infra,* Plaintiffs allege that Defendants committed numerous errors in foreclosing on the Property, which actions "a debt collector in the regular course of business does not take."  Compl. ¶ 16.  In addition to the fact that Defendants did not take any such actions or otherwise failed to take required action, see *supra*, none of these alleged "wrongful actions", are considered violations of the UDUCPA or, more specifically, RSA § 358-C:3(III).

         i.      *A violation of RSA § 358-C:3(III) requires the "threat" of unlawful action*

Plaintiffs allege that Defendants violated the UDUCPA "RSA § 358-C:3(III), by taking actions "which a debt collector in the regular course of business does not take."  (Compl. ¶ 16.) Plaintiffs, however, cite this section of the UDUCPA inaccurately.   RSA § 358-C:3(III) specifically provides that it is deemed unfair, deceptive or unreasonable if the debt collector "*[t]hreatens* to take any unlawful action or action which the debt collector in the regular course of business does not take."  RSA § 358-C:3(III) (emphasis added).  Much as the Court in *Faiella v. Green Tree Servicing LLC* noted, Plaintiffs here do not allege that Defendants "threatened" them with any action that was unlawful or that did not occur in the regular course of Defendants' business and Plaintiffs thus failed to allege a violation of RSA § 358-C:3(III).  *Faiella v Green Tree Servicing LLC*, 16-CV-088-JD, 2017 WL 589096, at *6 (D.N.H. Feb. 14, 2017) (dismissing UDUCPA claim alleged under RSA § 358–C:3(III) where plaintiff failed to allege a "threat"); *see also Brown v. Wells Fargo Home Mortg.,* 2016 WL 3440591, at *5-6 (D.N.H. June 20, 2016) (dismissing UDUCPA cause of action based on RSA § 358–C:3(III) where plaintiffs "pled no

14

facts tending to suggest that the defendants threatened to take any such [prohibited] action."). As such, Plaintiffs claim for a violation of RSA § 358–C:3(III) fails and must be dismissed.

> ii.   *Plaintiffs do not allege a violation of any of the specifically enumerated activities prohibited by the UDUCPA*

Plaintiffs have further failed to allege that Defendant undertook "any other activity among those prohibited by the UDUCPA." *Brown v. Wells Fargo Home Mortg.,* 2016 WL 3440591, at *5 (D.N.H. June 20, 2016) (dismissing UDUCPA claim on additional basis that plaintiffs did not allege a violation of any prohibited activity under the UDUCPA). RSA § 358-C:3 identifies twelve (12) specific actions prohibited by the UDUCPA. *See* RSA § 358-C:3. and none of the alleged improper actions enumerated by Plaintiffs are included on this list. *Id.* Because Plaintiffs do not allege that Defendants violated any of the specifically enumerated activities barred by the UDUCPA, Plaintiffs' UDUCPA claim must be dismissed in its entirety.

Plaintiffs have failed to allege a single act or threat of action on the part of Defendants that allegedly violates the UDUCPA. Rather, Plaintiffs then assert seven (7) actions they claim Defendants took in foreclosing on the Property that violated the UDUCPA. These are that Defendants: (a) foreclosed "with little or no advertising;" (b) foreclosed "without notifying Plaintiffs of their right to file a lost mitigation application under Reg. X or providing Borrower an opportunity to file and have such an application evaluated prior to the foreclosure;" (c) caused "Borrower to forfeit . . . equity in the home . . . without explaining or exploring" all loss mitigation options; (d) failed to "evaluate, act on, make a decision on plaintiff's loss mitigation application prior to the foreclosure and/or to provide written notice of the decision;" (e) failed "to establish internal protocols to enable the bank to comply with Federal Consumer Laws Reg. X and Reg. B;" (f) failed "to establish internal protocols which would enable he [*sic*] to track whether the written notices and written final decisions . . . were in fact received by the

1829148.9

Borrower;" and (g) carried "out the foreclosure sale without receipt . . . of the pre-foreclosure certificate from the servicer to the foreclosing attorney within 7 to 15 days prior to the foreclosure sale."[2]  Compl. ¶ 17.  Contrary to Plaintiffs' overarching claim however, none of these alleged actions complained of deal are included and deemed violations of the UDUCPA and, as such, this claim must fail.  *See* RSA § 358-C:3.

Moreover, Defendants did not take any of the allegedly "wrongful" actions enumerated in the Complaint.  Rather, Defendants advertised the sale of the premises on three (3) separate occasions, over the course of a single month, in a regional paper.  (Ostermann Aff., ¶ ¶ 12, 14, Exs. 6, 7.)  Defendants further provided Plaintiffs with the statutorily required Notice of Sale in advance of the foreclosure sale within the time period required by statute.  (Ostermann Aff., ¶ 11, Ex. 5.)  That Notice of Sale specifically advised Plaintiffs of the pending foreclosure sale as well as Plaintiffs' right to seek a stay of the sale.  (*Id.*)  Plaintiffs do not deny receipt of the Notice of Foreclosure which was served via regular and certified mail, which could be tracked by Defendants and, in fact, they submitted a loan modification application after receipt of the Notice of Sale.  (Ostermann Aff., ¶ 13.)   To this end, Defendants promptly reviewed Plaintiffs' application and sent notice to Plaintiffs denying the application.  (Ostermann Aff., ¶ 13, Ex. 6.)

Accordingly, Plaintiffs have failed to allege a violation of the UDUCPA and Count II of the Complaint should be dismissed in its entirety.

C.    Neither The FDCPA Or The UDUCPA Allows A Party To Void A Foreclosure Sale

Finally, even if Defendants are deemed to have somehow violated the FDCPA or the UDUCPA, which they did not, the relief Plaintiffs request is improper.  The scope of damages

---

[2] Defendants are uncertain what "pre-foreclosure certificate" Plaintiffs are referring to.  Defendants fully complied with the New Hampshire laws related to property foreclosure and submitted all required documentation and notices prior to conducting the foreclosure sale.

16

1829148.9

permitted under the FDCPA is limited to statutory damages of not more than $1,000.00 per proven violation, actual damages, and the costs of the action.  15 U.S.C.A. § 1692k.  Similarly, the UDUCPA limits perspective damages to statutory damages of not more than $200.00 per proven violation, actual damages, and the costs of the action.  RSA § 358-C:4.  Neither Act, however, allows a party to seek a declaratory judgment voiding a foreclosure, the relief Plaintiffs seek here.  Accordingly, the specific relief demanded by Plaintiffs in the Complaint, "declare the foreclosure void," to "rescind the foreclosure deed as void," and to grant "quiet title in the property" to Plaintiffs (Compl. pg. 9) is improper and may not be awarded as a result of alleged violations of the FDCPA or UDUCPA.

**V.      Defendants Did Not Violate Regulation X of The Real Estate Settlement Procedures Act, 12 C.F.R. §§ 1024.41(f)(2) and (g).**

Plaintiffs allege in Count III of their Complaint that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") and as a result, the foreclosure sale was "void," and Plaintiffs now seek to have the foreclosure sale declared void, rescind the foreclosure deed, and gain quiet title to the property.  Even if harm were alleged, RESPA limits recovery to actual damages.  Therefore, the equitable relief sought by Plaintiffs is not an available remedy under RESPA.  Similarly, Plaintiffs have failed to specifically allege how Defendants' alleged RESPA violation caused them actual harm.  Therefore, this Court should dismiss Plaintiffs' RESPA claim.

**A.      Defendants Did Not Violate RESPA**

Plaintiffs have asserted violations of Regulation X, 12 C.F.R. §§ 1024.41(f)(2) and (g); however, each of these claims fail as a matter of law.

12 C.F.R. § 1024.41(f)(2) is completely inapplicable, as it applies only if a borrower submits a complete loss mitigation application "*before* a servicer has made the first notice or

filing required by applicable law for any judicial or non-judicial foreclosure process." (Emphasis added.)  For purposes of § 1024.41(f), "the first notice or filing required by applicable law refers to any document required to be . . . provided to a borrower as a requirement for proceeding with a judicial or non-judicial foreclosure process."  Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696, 10833 (Feb. 14, 2013).  In New Hampshire, the first notice or filing requirement prior to a foreclosure sale is the RSA § 479.25 notice of sale.  *Dionne v Fed. Natl. Mtge. Assn.* 15-CV-56-LM, 2016 WL 6892465 at   *9 (D.N.H. Nov. 21, 2016) (holding 12 C.F.R. § 1024.41(f)(2) did not apply where the subject RMA was received after an RSA § 479:25 notice was served on the borrowers); RSA § 479.25. Here, Defendants made the first notice or filing when it served Borrower with notice in accordance with RSA § 479:25 on November 5, 2015, indicating that a non-judicial foreclosure sale of their property had been scheduled for December 3, 2015.  (Ostermann Aff., ¶ 11, Ex. 5.) In response thereto, Plaintiffs submitted an RMA on November 24, 2015.  (Ostermann Aff., ¶ 13, Ex. 6.)  As the November 5, 2015 letter was the first notice required by New Hampshire law to initiate the foreclosure process, Plaintiffs did not submit their RMA prior to Defendants initiating the non-judicial foreclosure process.  *Dionne v Fed. Natl. Mtge. Assn. Dionne v Fed. Natl. Mtge. Assn.* at *9 (D.N.H. Nov. 21, 2016) (holding 12 C.F.R. § 1024.41(f)(2) did not apply where the subject RMA was received after an RSA § 479:25 notice was served on the borrowers).15-CV-56-LM, 2016 WL 6892465, at *9 (D.N.H. Nov. 21, 2016).  Accordingly, Defendants are "not subject to the requirements of § 1024.41(f)(2) when considering the application, and defendants are entitled to summary judgment" on that portion of the Plaintiffs' RESPA claim.  *Id.*

Plaintiffs also assert a violation of 12 C.F.R. § 1024.41(g); however, this claim also fails. In relevant part, Regulation X provides that "[i]f a borrower submits a complete loss mitigation

1829148.9

application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, *but more than 37 days before a foreclosure sale*, a servicer shall not . . . conduct a foreclosure sale . . . ." 12 C.F.R. § 1024.41(g) (emphasis added). Here, Plaintiffs provided Defendants with their RMA on November 24, 2015, significantly less than 37 days before the scheduled foreclosure sale on December 3, 2015, and, as such, Defendants properly rejected the same.  (Ostermann Aff., ¶ 13, Ex. 6.)  In fact, where a loss mitigation application is received less than 37 days before a foreclosure sale, there is no duty to review it.  12 C.F.R. § 1024.41(c)(1).  As such, 12 C.F.R. § 1024.41(g) does not apply.

B.     Plaintiff Is Not Entitled To Equitable Relief Under RESPA

Even if Defendants are deemed to have somehow violated RESPA, a borrower may only recover monetary damages under RESPA.   Alleged violations of Section 1024.41 shall be enforced through Section 6(f) of RESPA.  *See Simmons v. Wells Fargo Bank, N.A.*, 2015 WL 4759441, at *3 (D.N.H. Aug. 11, 2015).   Section 6(f) of RESPA, in turn, only allows for recovery of "damages and costs."  *Id.* at *2.  Because Section 6(f) only provides for recovery of damages, "equitable relief . . . is not available as a matter of law."  *Sanders v. Bank of America, N.A.*, 2013 U.S. Dist. LEXIS 176206, *24 (N.D. Ga. Oct. 1, 2013); *see also Moore v. Radian Group, Inc.*, 2003 U.S. App. LEXIS 29013, *15 (5th Cir. May 30, 2003) (holding that "there is no indication that a private individual may seek an injunction" under § 2607 of RESPA); *Mullinax v. Radian Guar.*, 199 F. Supp. 2d 311, 335 (M.D.N.C. 2002) (conducting extensive analysis of Congressional intent and determining that "[a]n injunction is unavailable in RESPA private actions.").

Therefore, "a plaintiff's request to invalidate a foreclosure sale is not a remedy which is available under RESPA."  *Hogan v. Visio Fin. Servs., Inc.*, No. 15-10923, 2015 WL 3916084, at *3 (E.D. Mich. June 25, 2015); *see also Brown v Wells Fargo Home Mtge.*, 15-CV-467-JL,

19

2016 WL 3440591, at *3 (D.N.H. June 20, 2016) ("Accordingly, the Browns are unable to obtain the equitable relief they request—invalidation of the foreclosure sale—under RESPA."); *Szczodrowski v. Specialized Loan Serv., LLC*, No. 15-10668, 2015 WL 1966887, at *7 (E.D. Mich. May 1, 2015) ("[T]he Court notes that the principal relief sought by Plaintiffs--to set aside the foreclosure sale--is unavailable to them under RESPA.") *accord Brown v. Ocwen Loan Serv., LLC*, No. CIV. PJM 14-3454, 2015 WL 5008763, at *7 (D. Md. Aug. 20, 2015) ("The Court rejects any argument that, by reason of RESPA, Brown had one year after the foreclosure was finalized to seek, in effect, to undo the foreclosure.  Whatever RESPA may mean, it cannot sensibly mean that.").

The case *Houle v. Green Tree Serv., LLC*, No. 14-CV-14654, 2015 WL 1867526, at (E.D. Mich. Apr. 23, 2015) is particularly instructive.  In *Houle* the plaintiff, like Plaintiffs here:

> cite[d] to the language of the RESPA statute and CFPB regulations and allege[d] that defendant violated each of the regulations by not evaluating his completed loan modification package within the time period required by the regulation, and by not notifying plaintiff in writing what loan modification option it would offer, or the reason for the denial of any options.

*Id*. at *4.  Based upon these allegations, the plaintiffs sought "to have the foreclosure sale set aside."  *Id*.  The court expressly rejected that argument, explaining that "[t]he principal relief sought by plaintiff—to set aside the sheriff's sale—is unavailable to him under RESPA."  *Id*. Like the plaintiffs in *Houle*, Plaintiffs seek to void the foreclosure and prevent Deutsche Bank from taking title to the Property.  RESPA, however, does not provide Plaintiffs this type of relief. Accordingly, Plaintiffs' RESPA claim fails to the extent they use it to assert equitable relief.

## CONCLUSION

For the foregoing reasons, Defendants, Deutsche Bank's and Carrington's motion for summary judgment dismissing Plaintiffs' Complaint should be granted.

1829148.9

Dated:  May 8, 2017

McLANE MIDDLETON,
PROFESSIONAL ASSOCIATION

By:  /s/ Steven J. Dutton
    Steven J. Dutton, Bar No. 17101
    steven.dutton@mclane.com
    Henry R. Klementowicz, Bar No. 21177
    henry.klementowicz@mclane.com
    900 Elm Street, P.O. Box 326
    Manchester, NH  03105
    (603) 625-6464

## Certificate of Service

I hereby certify that on May 8, 2017, I served the foregoing Memorandum of Law via ECF electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

    /s/ Steven J. Dutton
    Steven J. Dutton

21