UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Gary D. Bulpitt and
Carolyn L. Bulpitt

   v.                                         Civil No. 16-cv-399-JD
                                                  Opinion No. 2017 DNH 134
Carrington Mortgage Services, LLC
and Deutsche Bank National Trust
Company, as Trustee for the New Century
Home Equity Trust 2005-3


O R D E R

Gary D. and Carolyn L. Bulpitt brought suit against Carrington Mortgage Services, LLC ("Carrington") and Deutsche Bank National Trust Company, as Trustee for the New Century Home Equity Trust 2005-3 ("Deutsche Bank") after the foreclosure sale of their home in Atkinson, New Hampshire. The defendants move for summary judgment on the grounds that the plaintiffs cannot prove any of their claims. The plaintiffs object to summary judgment.

## Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party

and a material fact is one that could affect the outcome of the case." Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015). The facts and reasonable inferences are taken in the light most favorable to the nonmoving party. McGunigle v. City of Quincy, 835 F.3d 192, 202 (1st Cir. 2016). "On issues where the movant does not have the burden of proof at trial, the movant can succeed on summary judgment by showing 'that there is an absence of evidence to support the nonmoving party's case.'" OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Canada, 684 F.3d 237, 241 (1st Cir. 2012) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Under the local rules in this district, memoranda in support of and in opposition to a motion for summary judgment must "incorporate a short and concise statement of material facts, supported by appropriate record citations" to show undisputed and disputed facts. LR 56.1. "All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party." LR 56.1(b).

Carrington and Deutsche Bank included a properly supported statement of material facts in their memorandum in support of their motion for summary judgment. The plaintiffs, who are represented by counsel, filed the affidavit of Gary Bulpitt as a separate document the day before they filed their objection to

2

summary judgment. The plaintiffs did not include any statement of material facts in support of their objection to summary judgment. As a result, the plaintiffs have not opposed the defendants' factual statement which is deemed to be admitted.

Background

Gary Bulpitt obtained a loan in the amount of $196,875.00 from New Century Mortgage Company and signed a note for that amount in April of 2005. Gary and Carolyn Bulpitt signed a mortgage on their property in Atkinson, New Hampshire, as security for the loan. Gary Bulpitt states in his affidavit that the loan was accelerated in February of 2011. The mortgage was transferred to Deutsche Bank by an assignment dated March 16, 2011.

Beginning in July of 2011, the plaintiffs failed to pay the monthly installments due on the loan and mortgage. Gary Bulpitt states in his affidavit that he began a twelve-month forebearance plan on December 1, 2012, which ended on November 1, 2013. Although Bulpitt also states that "the bank" made certain promises as part of the forebearance plan, he did not provide a copy of the plan to support his interpretation. Bulpitt states that he submitted applications for assistance under the Home Affordable Modification Program in 2013, which "the bank" rejected on October 30, 2013. Bulpitt contends that

he appealed that decision within the time allowed but has not received a determination of his appeal.

On November 5, 2015, Deutsche Bank provided notice to the plaintiffs that their mortgaged property would be sold at public auction on December 3, 2015. In response, on November 24, 2015, Gary Bulpitt sent Deutsche Bank a request for mortgage assistance. Deutsche Bank rejected the request the next day because the foreclosure sale was scheduled to be held within seven business days of when Deutsche Bank received the request. The plaintiffs did not file a petition to enjoin the foreclosure sale.

Deutsche Bank advertised the foreclosure sale three times during November of 2015 in the New Hampshire Union Leader. The foreclosure sale was held on December 3, 2015, as scheduled. Deutsche Bank purchased the property for $215,360.00.

The plaintiffs brought suit in state court in July of 2016. In the complaint, the plaintiffs allege claims for equitable relief from the foreclosure sale, Count I; violation of the New Hampshire Unfair, Deceptive, or Unreasonable Collection Practices Act ("UDUCPA") and the federal Fair Debt Collection Practices Act ("FDCPA"), Count II; and violation of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), Count III. The defendants removed the case to this court.

4

## Discussion

The defendants move for summary judgment on all of the plaintiffs' claims. In support, the defendants assert that the plaintiffs are barred from challenging the foreclosure sale because they failed to seek an injunction, they cannot prove a lack of good faith or due diligence in conducting the foreclosure sale, they cannot prove a violation of either the UDUCPA or the FDCPA, and they cannot prove a violation of Regulation X of RESPA. In their objection, the plaintiffs argued at length that RSA 479:25, II does not provide a statute of limitations for claims under RESPA, but failed to address the other claims.

In their surreply, the plaintiffs have conceded that they cannot prove their claims in Count I or their claims against Deutsche Bank in Count II. As a result, the defendants are entitled to summary judgment on all claims in Count I and on the claims against Deutsche Bank in Count II. The plaintiffs represent that their remaining claims are a violation of the FDCPA against Carrington, alleged in Count II, and violations of RESPA against both defendants, alleged in Count III.[1] See Surreply, doc. no. 21, at 1-2.

---

[1] Although the plaintiffs referenced the Truth in Lending Act in their objection, they acknowledge in their surreply that they did not bring a claim under the Truth in Lending Act. See doc. no. 21, at 3, n.5.

5

A.  Count II – FDCPA - Carrington

The FDCPA governs the practices of debt collectors.  Chiang v. Verizon N.E. Inc., 595 F.3d 26, 41 (1st Cir. 2010).  A debt collector under the FDCPA is a person or entity who regularly collects debts that are owed to someone else.  15 U.S.C. § 1692a(6).  Generally, enforcement of a security interest through foreclosure on a mortgage is not debt collection activity for purposes of the FDCPA.  Harry v. Countrywide Home Loans Inc., 215 F. Supp. 3d 183, 187 (D. Mass. 2016).

Carrington contends that it is not a debt collector within the meaning of the FDCPA because its foreclosure sale of the property, without seeking to recover any deficiency from the plaintiffs, was not debt collection activity.  The plaintiffs did not address the issue of Carrington's status as a debt collector in their objection.  In their surreply, the plaintiffs state that Carrington was in the loan servicing business, which involved collecting debts on behalf of Deutsche Bank, but do not dispute that a mortgage foreclosure sale is not debt collection within the meaning of the FDCPA.

Therefore, the plaintiffs provide no grounds to support their FDCPA claim against Carrington and concede that they cannot prove a violation of the FDCPA by Deutsche Bank.  The plaintiffs do not pursue their claim under RSA 358-C.  The

defendants are entitled to summary judgment on all claims in Count II.

B.  Count III – RESPA – Carrington and Deutsche Bank

The plaintiffs allege that the defendants violated RESPA by conducting the foreclosure sale of the property after they submitted an application for loan modification. They allege that the sale violated Regulation X, 12 C.F.R. § 1024.41(f)(2) and (g).[2] The defendants move for summary judgment on the ground that the RESPA claims fail because the alleged violations of Regulation X did not occur in this case. The defendants also challenge the damages claimed by the plaintiffs.

1.  RESPA Claim

As a threshold issue, the parties address different actions as triggers for Regulation X. The complaint provides no detail about the loan modification application that the plaintiffs allege triggered Regulation X protection. In his affidavit submitted in support of his objection, however, Gary Bulpitt discusses a loan modification application that he represents he

---

[2] Although the plaintiffs mentioned the Equal Credit Opportunity Act and Regulation B, 12 C.F.R. 1002.1, et seq., in the introduction to their complaint, they did not bring a claim under the Equal Credit Opportunity Act. Instead, the claim in Count III alleges only a violation of RESPA, Regulation X. Because the plaintiffs are represented by counsel, the court will not liberally construe their complaint to incorporate claims that were not properly pleaded.

7

submitted in October of 2013.[3] He states that his application was denied on October 30, 2013. Bulpitt further states that the bank agreed to give him thirty days to appeal and that he submitted an appeal on November 28, 2013. Bulpitt represents that the bank never acted on his appeal. The plaintiffs argue that the 2013 loan modification application was still pending when the defendants conducted the foreclosure sale of their property in December of 2015.

The defendants assumed that the plaintiffs were relying on their request for mortgage assistance that was submitted on November 24, 2015, as the ground for their RESPA claim. Indeed, it is hard to understand why the plaintiffs would request mortgage assistance if they had an application for loan modification pending. Further, the plaintiffs provide no documentation to support Gary Bulpitt's representations about the process used for the 2013 application. Nevertheless, the plaintiffs rely on the October of 2013 application and the

---

[3] In their reply, the defendants assert that the plaintiffs provided "zero admissible evidence to support their claims" in response to the defendants' motion for summary judgment. They do not object to or even address Gary Bulpitt's affidavit, however. See Fed. R. Civ. P. 56(c)(2). As a result, the defendants failed to show that the affidavit cannot be considered in opposition to summary judgment. See Gonzalez-Bermudez v. Abbott Labs. PR Inc., 214 F. Supp. 3d 130, 137 (D.P.R. 2016).

8

appeal, and the defendants did not address that application, despite the representations in Gary Bulpitt's affidavit.

As the defendants explain in detail in their motion for summary judgment and their reply, the plaintiffs' November of 2015 request did not trigger Regulation X protections because it was submitted after the plaintiffs received notice of the foreclosure sale and less than thirty-seven days before the foreclosure sale. The plaintiffs do not dispute that result. Therefore, the defendants are entitled to summary judgment to the extent Count III was based on the request for mortgage assistance made in November of 2015.

The defendants, however, did not address the plaintiffs' RESPA claim based on an application submitted by Gary Bulpitt in October of 2013. Because the defendants do not seek summary judgment on the plaintiffs' claim based on the 2013 application, that part of Count III avoids summary judgment.

2. Damages

In the complaint, the plaintiffs ask for an award of money damages and also ask the court to declare the foreclosure void, to rescind the foreclosure deed as void, to quiet title in the property in the plaintiffs, and to enjoin the bank "from alienating its interest in Plaintiffs' Residence, in any way until further order of this court." The defendants challenge

the relief sought, other than money damages, on the ground that those remedies are not available under RESPA. The plaintiffs assert in their surreply that the court can grant the equitable relief they seek under the Declaratory Judgment Act.

Relief under RESPA is limited to actual money damages, along with a prevailing plaintiff's costs and fees, so that equitable relief is not available. 12 U.S.C. § 2605(f). Brown v. Wells Fargo Home Mortg., 2016 WL 3440591, at *3 (D.N.H. June 20, 2016); see also Pacifico v. Nationstar Mortg., LLC, 2017 WL 1213662, at *3 (E.D. Mich. Feb. 10, 2017); Roosevelt Cayman Asset Co II v. Mercado, 2016 WL 3976627, at *4 (D.P.R. July 22, 2016); Odum v. Specialized Loan Servicing, 2016 WL 4582070, at *6 (N.D. Ga. July 5, 2016). Therefore, the plaintiffs' requests for equitable relief are not available under RESPA. Id.

The plaintiffs' reliance on relief available under the Declaratory Judgment Act, 28 U.S.C. § 2201, is inapposite to this case. The plaintiffs brought suit in state court where state law, not federal law, applies. More importantly, the plaintiffs did not allege a claim under state law for a declaratory judgment and did not amend their complaint to bring a claim for a declaratory judgment under § 2201. Therefore, the plaintiffs have not sought a declaratory judgment, and the equitable relief they request is not available under RESPA.

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 11) is granted on Counts I and II. The only claim remaining in the case is Count III, which is limited to the claim that the defendants violated Regulation X, § 1024.41(f)(2) and § 1024.41(g), by conducting the foreclosure sale while an appeal of the denial of an application for loan modification, filed in October of 2013, remained pending. No equitable relief is available under Count III.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

July 10, 2017

cc: Steven J. Dutton, Esq.
    Henry Klementowicz, Esq.
    William C. Sheridan, Esq.