UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary D. Bulpitt and
Carolyn L. Bulpitt

    v.                                  Civil No. 16-cv-399-JD
                                              Opinion No. 2017 DNH 184

Carrington Mortgage Services, LLC
and Deutsche Bank National Trust
Company, as Trustee for the New
Century Home Equity Trust 2005-3


O R D E R

Gary D. and Carolyn L. Bulpitt brought suit in state court against Carrington Mortgage Services, LLC ("Carrington") and Deutsche Bank National Trust Company, as Trustee for the New Century Home Equity Trust 2005-3 ("Deutsche Bank") after the foreclosure sale of their home in Atkinson, New Hampshire. The defendants removed the case to this court and moved for summary judgment. The court granted the motion for summary judgment in favor of the defendants except for the plaintiffs' claim under Regulation X of the Real Estate Settlement Procedures Act ("RESPA") in Count III.

The plaintiffs filed a motion for reconsideration of that part of the summary judgment order which held that they had not alleged a claim under Regulation B of the Equal Credit Opportunity Act ("ECOA") and held that equitable relief is not

available under RESPA.  In the alternative, the plaintiffs sought leave to amend the complaint.  The plaintiffs then filed a separate motion to amend their complaint and a second motion for reconsideration that again asserts a claim under Regulation B, challenges the court's ruling on equitable relief, and argues that they properly alleged a claim under the Fair Debt Collection Practices Act ("FDCPA").

The defendants object to the plaintiffs' motions.  The defendants also filed a motion for reconsideration of that part of the summary judgment order that did not dismiss the RESPA Regulation X claim to the extent the claim was based on a loan modification application made in 2013.  The plaintiffs object to the defendants' motion.[1]

I. Motions for Reconsideration

Reconsideration of an order is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995)). For that reason, reconsideration is "appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening

---

[1] To avoid unnecessary delay, the defendants' motion to file a reply to the plaintiffs' objection is denied.

2

change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009; see also LR 7.2(d).

A motion for reconsideration cannot succeed when the moving party is attempting "to undo its own procedural failures" or "advanc[ing] arguments that could and should have been presented earlier." Allen, 573 F.3d at 53. A motion for reconsideration also is not a means to reargue matters that were considered and rejected in the previous order. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir.2014) (internal quotation marks omitted).

### A. Plaintiffs' Motions for Reconsideration

The plaintiffs' motions are considered together to address the issues the plaintiffs' raise in both motions. Although the plaintiffs asked for a hearing on the second motion, they did not provide any reasons why a hearing would be of assistance to the court. LR 7.1(d). As a result, no hearing was held.

#### 1. Regulation B

The plaintiffs contend that the court erred in concluding "that Reg B was not asserted in the Complaint." That contention misstates the court's order. As the court noted in the summary

judgment order, the plaintiffs cited Regulation B in the introduction section of their complaint but failed to allege any facts to support a <u>claim</u> under Regulation B or to allege a claim in any of the three counts in the complaint.[2] The defendants object to reconsideration, arguing that no claim under Regulation B was pleaded.

Merely asserting a regulation in the introduction to the complaint does not allege a cause of action. See Fed. R. Civ. P. 8(a). Therefore, the plaintiffs provide no grounds to support reconsideration of that part of the summary judgment order.

2. <u>Equitable Relief</u>

The plaintiffs argue that because they could have pursued equitable remedies under their state law claims, which they agreed could not avoid summary judgment, they are entitled to equitable remedies under RESPA. They also assert that the Declaratory Judgment Act and the court's inherent authority empower the court to impose equitable remedies under RESPA. The plaintiffs are mistaken. As explained in the summary judgment

---

[2] Because the plaintiffs are represented by counsel, they are not entitled to lenient consideration that might pertain to parties proceeding pro se.

4

order, no equitable relief is available under RESPA.  Order, doc. no. 22, at 10.

   3.  FDCPA

   In the motion for summary judgment, Carrington asserted that it was not a debt collector for purposes of FDCPA because a foreclosure sale without attempting to collect a deficiency is not debt collection activity.  In their objection, the plaintiffs argued only that Carrington collects debts on behalf of Deutsche Bank and did not dispute that a mortgage foreclosure sale is not debt collection within the meaning of the FDCPA.  Citing Harry v. Countrywide Home Loans Inc., 215 F. Supp. 3d 183, 187 (D. Mass. 2016), the court noted that generally foreclosure is not debt collection activity and concluded that the plaintiffs had not shown a triable issue as to whether Carrington was a debt collector in his case.

   The plaintiffs now seek reconsideration of that decision.  They assert a new theory, without citation to authority or explanation, that "[b]y its very nature under [15 U.S.C. § 1692(f)(6)] foreclosure constitutes a prohibited debt collection Act [sic]."  Even if reconsideration were appropriate based on a new theory that could and should have been raised in the parties' objection to summary judgment, the plaintiffs have not shown that their new theory would succeed.

Section 1692(f)(6) applies to "debt collectors." As discussed in the prior order, Carrington demonstrated that it is not a debt collector within the meaning of the FDCPA. In addition, § 1692(f)(6) prohibits "nonjudicial action to effect dispossession or disablement of property" in only three circumstances. The plaintiffs have not addressed those circumstances or shown that any occurred in this case. As such, the plaintiffs have not shown that summary judgment on the FDCPA claim against Carrington was based on a manifest error of law or fact.

### B. Defendants' Motion for Reconsideration

The defendants move for reconsideration of the court's decision not to grant summary judgment on Count III. In the complaint, the plaintiffs alleged that they "had submitted a complete loss mitigation application to Deutsche Bank or its servicer well before the first step in the foreclosure process was commenced." Complaint, doc. no. 1-1, ¶ 6. The plaintiffs further alleged that the foreclosure was begun while they thought their application was still under consideration and "without first using 'reasonable diligence to collect information needed to complete the application' (indeed without any contact of Borrowers by Deutsche Bank throughout 2014)." Id. (internal quotation is not attributed to a source in the

6

complaint). The plaintiffs contend that those actions were taken in violation of RESPA Regulation X.

Despite the allegations pertaining to a failure to act through 2014, the defendants assumed that the plaintiffs were alleging that the defendants violated Regulation X by conducting the foreclosure sale after the plaintiffs filed a request for mortgage assistance in November of 2015. Based on that assumption, the defendants moved for summary judgment, asserting that they did not violate Regulation X based on the November of 2015 request for mortgage assistance. Although the plaintiffs' objection to summary judgment focused primarily on matters that were not material to the motion, Gary Bulpitt's affidavit submitted in support of the objection addressed their 2013 application for a loan modification.

The defendants fully demonstrated that the plaintiffs could not prove a claim that the defendants violated Regulation X based on the 2015 request for mortgage assistance. However, they did not address the 2013 application for loan modification. Because the plaintiffs' claim in Count III was based on the 2013 application, the court denied the motion for summary judgment on that claim.

The defendants move for reconsideration of that part of the order. They contend that the plaintiffs only raised the 2013

application in response to the motion for summary judgment and therefore did not plead that claim. They further contend that "the Court made a clear error of law by failing to dismiss this claim as the section of Regulation X at issue was not effective at the time the 2013 Application was submitted and cannot be applied retroactively." In response, the plaintiffs argue that it is unsettled whether Regulation X applies in this case.

Although the plaintiffs' complaint is far from a model of clarity, the Regulation X claim in Count III, as alleged in the complaint, is based on the 2013 loan modification application. They allege that Deutsche Bank did not contact them during all of 2014, which could only apply to the 2013 application and not to the application submitted in November of 2015. They also allege that the defendants violated Regulation X based on an application submitted well before foreclosure began, which would not be the November of 2015 request.

The defendants also argue that the court should have dismissed sua sponte the Regulation X claim, based on the 2013 application, because the applicable parts of Regulation X were not in effect until after the 2013 loan modification application was denied. It is not the function of the court to raise grounds to support a motion for summary judgment that are not

raised by the moving party, particularly when, as here, those parties are represented by counsel.

Therefore, the defendants have not shown grounds to reconsider the summary judgment order.

## II. Motion to Amend

The plaintiffs move to amend to add a claim in Count III under Regulation B. Although the proposed amended complaint includes Count I and Count II, as pleaded in the original complaint, those claims have been dismissed on summary judgment and cannot be revived by amendment now. Similarly, to the extent the plaintiffs are seeking equitable relief under RESPA in Count III, that claim also has been dismissed.

In the proposed amended complaint, the plaintiffs have added allegations to address a claim under Regulation B.[3] Beginning at paragraph 22, there are new allegations as to provisions of Regulation B regarding notification.

The defendants object to the motion to amend because the plaintiffs failed to meet the requirements of Local Rule 15.1 and because the plaintiffs failed to move to amend the scheduling order under Federal Rule of Civil Procedure 16(b)(4).

---

[3] Local Rule 15.1(a)(ii) and (iii) require parties moving to amend to identify any new factual allegations and to explain why those were not included in the original filing. The plaintiffs have done neither here.

The defendants also argue that the motion to amend should be denied because the claims are futile. The plaintiffs did not respond to the defendants' objection.

The defendants are correct that the plaintiffs did not meet the requirements of Local Rule 15.1 or Rule 16(b)(4). Those omissions could support denying the motion to amend, which would leave the original complaint as the operative complaint with one claim remaining in Count III. The defendants also assert, however, that the claims are futile.

Rather than address the claims in the context of futility, the better approach in this case is to address the claims in the proposed amended complaint, which are the claims asserting violations of Regulation B and Regulation X, on the merits through a dispositive motion. For that reason, the plaintiffs are granted leave to amend the complaint to add a claim under Regulation B in Count III, and the defendants are granted leave to file a dispositive motion to challenge the viability of the Regulation B and Regulation X claims in Count III.

## Conclusion

For the foregoing reasons, the plaintiffs' motions for reconsideration (documents nos. 23 and 26) are denied. The defendants' motion for reconsideration (document no. 24) is

denied.  The defendants' motion for leave to reply (document no. 35) is denied.

The plaintiffs' motion to amend (document no. 25) is granted as follows:

The plaintiffs are granted leave to amend their complaint to add a claim in Count III that the defendants violated Regulation B.  The claims in Count III, for purposes of the amended complaint, are that the defendants violated Regulation B and Regulation X based on the plaintiffs' 2013 loan modification application and the foreclosure in 2015.  The claims in Counts I and II and the claim for equitable relief under RESPA in Count III remain dismissed.

The plaintiffs shall file the amended complaint as a separate document **on or before September 8, 2017,** and once filed the amended complaint will become the operative complaint in the case.

The defendants are granted leave to file a dispositive motion, either a motion to dismiss or a motion for summary judgment, on the remaining Regulation B and Regulation X claims in Count III.  The dispositive motion shall be filed within **fourteen days** after the amended complaint is filed.  The plaintiffs shall respond to the motion as provided under the

local rules of this district and the Federal Rules of Civil Procedure.

If the case is not resolved by dispositive motion, a date will be set for the defendants to file an answer to the amended complaint and a new discovery plan will be ordered. The trial, which is scheduled for the period beginning on October 3, 2017, is continued and will be rescheduled, if necessary, after the defendants' dispositive motion is resolved. The final pretrial conference scheduled for September 21, 2017, is cancelled.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

September 6, 2017

cc: Steven J. Dutton, Esq.
    Henry Klementowicz, Esq.
    William C. Sheridan, Esq.